IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| **RALPH PAUL WEAVER, d/b/a**<br>**GUNS & AMMO** | **PLAINTIFF** |
| v. | CAUSE NO. 1:10cv574 LG-RHW |
| **JILLAIR HARRIS, Director of**<br>**Industry Operations, Bureau of**<br>**Alcohol, Tobacco, Firearms and**<br>**Explosives** | **DEFENDANT** |

### ORDER DENYING MOTION TO AMEND ORDER
### AND STAY JUDGMENT PENDING APPEAL

BEFORE THE COURT is Plaintiff Weaver's Motion [63] to Amend Order and Stay Judgment Pending Appeal. The government has responded. The Court finds the Motion is not well-taken and should be denied.

Weaver requests that the Court amend its Order granting summary judgment in favor of the government to stay the ruling pending Weaver's exhaustion of the appeal process. Prior to the Court's entry of summary judgment, the ATF had decided to revoke Weaver's firearms license. At his request, before the revocation became effective the ATF determined that it would authorize Weaver to continue operations. The Director of Operations sent a letter to counsel advising that "the ATF is granting your request for the licensee to continue business operations pending judicial review of the Final Notice of Denial of Application or Revocation of Firearms License." (Pl's. Mot. Ex. C, ECF No. 63-3). Within two days of the Court's Memorandum Opinion and Order [60], the ATF notified Weaver that he could no longer conduct business under his revoked license. (Pl's. Mot. Ex. D,

ECF No. 63-4). He was given thirty days to wind up operations, or until April 13, 2012. (*Id.*).

Weaver argues that the ATF has breached its agreement with him, because the judicial review process is not complete. His notice of appeal has been filed, and it is possible that the appellate court will reverse this Court's ruling. He argues that even if he wins on appeal, losing his license during the pendency of the appeal would destroy his business.

The government responds that by staying its revocation order and authorizing Weaver to continue operations during judicial review, the ATF was exercising its discretion. Weaver is not legally entitled to a stay of the revocation order. The government contends that "judicial review has occurred when [the Court] affirmed the Government's recommendation." (Def's. Resp. 2, ECF No. 65). "Nothing in the language of the regulations or the statute mandates that such an authorization must necessarily continue during an appeal of a federal court's de novo review of the ATF's decision." (*Id*. at 3). The government argues that there was no representation that it would allow Weaver to continue to operate under his revoked license for any time period beyond this Court's review. (*Id.*). Thus, it has upheld its agreement.

The Court finds that the relief requested by Weaver should be denied. The regulation giving the ATF authority to stay revocation pending judicial review refers only to a "petition filed with the U.S. district court." 27 C.F.R. § 478.78. Weaver has therefore obtained judicial review of the ATF's decision to revoke his

-2-

license.  The government's agreement does not obligate it to continue to allow Weaver to operate under the revoked license while he appeals this Court's judgment.

Furthermore, it is not clear that the Court has authority to enter an order such as Weaver suggests.  The Court's role is limited to deciding if the ATF was authorized to revoke a firearms license.  The statute authorizing judicial review of the revocation decision provides in part:

> If the court decides that the Attorney General was not authorized to deny the application or to revoke the license, the court shall order the Attorney General to take such action as may be necessary to comply with the judgment of the court.

18 U.S.C. § 923(f)(3).  This statute gives the Court no express authority to order the Attorney General to act in the event the Court decides he *was* authorized to revoke a license.  Nor is the Court given authority to stay the applicability of its ruling until it is reviewed by the appellate court.  Weaver does not cite to any rule that might give a district court such authority.  Furthermore, any actions now taken by the Attorney General in regard to Weaver's license are pursuant to his own authority under 18 U.S.C. § 923(e) rather than pursuant to a judgment from this Court.  *RSM v. Herbert*, No. WMN-05-847, 2006 WL 5376120, at *3 (D. Md. Mar. 15, 2006).

Finally, the Court declines to impose a stay pending further appeals because allowing Weaver to operate under a revoked license would be contrary to the purposes of the Gun Control Act to maintain control of firearms transactions in the

United States.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Plaintiff's Motion [63] to Amend Order and Stay Judgment Pending Appeal is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 26th day of March, 2012.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE